UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

D<small>ANIEL</small> C<small>OOK</small>,

         Plaintiff,                  Case No. 1:21-cv-817

v.                                          Honorable Jane M. Beckering

M<small>ICHIGAN</small> D<small>EPARTMENT OF</small>
C<small>ORRECTIONS</small> et al.,

         Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 4.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Michigan Department of Corrections (MDOC) and Heidi Washington, and the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims against them. Plaintiff's Eighth Amendment claim and state-law claims against Defendant John Davids based on Plaintiff's allegations that Davids failed to provide safe drinking water remain.

**Discussion**

I.      **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events about which he complains, however, occurred at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. Plaintiff sues Defendants MDOC, MDOC Director Heidi Washington, and ICF Warden John Davids.

Plaintiff alleges that during August of 2021, the water in his cell was contaminated with impurities that made it unhealthy to drink. Plaintiff claims that drinking the water caused him significant pain. Plaintiff contends that he informed unit staff and healthcare staff but everyone offered the same advice: "keep running your water, it will clear." (Compl., ECF No. 1, PageID.6.) Plaintiff states that he would run his water again and again and again, to no avail. It did not clear, and consuming it continued to cause him pain.

Plaintiff suggests that Defendant Davids is responsible for the water problem because, on August 10, 2021, Plaintiff mailed him a kite describing the water problem, but the problem was not fixed. (*Id*.) A week later, Plaintiff encountered Defendant Davids in a Security Classification Committee meeting. (*Id*., PageID.7–8.) Plaintiff advised Davids of the problem. Davids told Plaintiff to continue to run the water and that it would clear.

Plaintiff indicates that he sent a kite to Defendant Washington regarding the water problem on August 25, 2021. (*Id*., PageID.10–11.) That day, coolers of filtered water were brought into the unit. (*Id*., PageID.14.) The next day, Plaintiff was informed that the filters were being changed and Plaintiff was brought water to take his medication. (*Id*., PageID.15.) According to Plaintiff, the changed filters did not remedy the problem. On September 1, 2021, Plaintiff was transferred to MBP.

2

Plaintiff claims the actions (or inactions) of Defendants violated Plaintiff's Eighth Amendment rights and also constituted torts under state law. Plaintiff asks the Court to: (1) provide declaratory relief; (2) enjoin Defendants to issue a policy directive to address the water crisis, provide an alternative water source if and when the problem arises again, install a better water filtration system, and preclude Defendants from housing Plaintiff at ICF; and (3) award millions of dollars in compensatory and punitive damages.

## II. Pending motions

Plaintiff's complaint asks the Court to appoint counsel to assist him in this action. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Plaintiff's request for appointment of counsel, taken from the complaint (ECF No. 1), will be denied.

Plaintiff also asks the Court to secure the assistance of the United States Marshal to serve subpoenas on non-parties the "Health Department" and the "Ionia City Water Department" to permit Plaintiff to obtain documents and information to permit Plaintiff to pursue this action. (ECF No. 9.) Plaintiff's pursuit of discovery at this stage of the proceedings is premature. Upon

completion of mediation and service of the complaint, the Court will provide a schedule for the conduct of discovery. Because Plaintiff's request is premature, the Court will deny it without prejudice to renewal at the appropriate time.

### III. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed

4

by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

   A.   **Sovereign immunity**

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. Therefore, the Court will dismiss the MDOC.

### B. Respondeat superior

The crux of Plaintiff's allegations against Defendants Washington and Davids is a claim that these Defendants failed to adequately supervise and train their subordinates or respond to Plaintiff's complaints regarding the water. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v.*

6

*Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Vague and conclusory allegations of supervisory responsibility are insufficient to demonstrate that Defendants were personally involved in the events relating to the allege water problem at ICF. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. The Court will evaluate Plaintiff's Eighth Amendment allegations accordingly.

    **C.**    **Eighth Amendment**

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

For a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

Plaintiff's allegations against Davids and Washington appear to satisfy the objective component of an Eighth Amendment violation. The deprivation of drinkable water is sufficiently serious to meet the standard. *See Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006) ("In the abstract, the deprivation of water . . . of course would be 'sufficiently serious.'"); *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017) ("In general, the severity and duration of deprivations are inversely proportional so that . . . substantial deprivations of shelter,

8

food, drinking water, and sanitation may meet the standard despite a shorter duration.") (quoting *DeSpain v. Uphoff*, 264 F. 3d 965, 974 (10th Cir. 2001) (internal quotes omitted).

The sufficiency of Plaintiff's allegations regarding the subjective element is a closer question. Plaintiff alleges two contacts with Defendant Davids regarding the water issue. First, Plaintiff alleges that he sent Defendant Davids a kite regarding the problem. There is nothing in the complaint to indicate whether Defendant Davids received the kite or how he responded to it. Standing alone, that allegation would not suffice to show that Davids knew of and disregarded an excessive risk to Plaintiff's safety. Plaintiff's contact with Davids during the Security Classification Committee meeting at least permits the inference that Davids was aware of the risk—that the water contamination was causing physical harm to Plaintiff—and disregarded it—by telling Plaintiff to continue running the water to address the problem when Plaintiff told Davids that was not sufficient to provide potable water. Accordingly, the Court concludes that Plaintiff has stated an Eighth Amendment deliberate indifference claim against Davids.

The same is not true regarding Defendant Washington. Plaintiff alleges only one contact with Defendant Washington. He sent her a letter advising her of the problem on August 25, 2021. It is not clear from Plaintiff's allegations whether Washington ever received the letter; thus, there is a significant question whether Washington was aware of the problem. But if the letter sufficed to advise Washington of the problem, Plaintiff's allegations do not permit the inference that Washington disregarded it. According to Plaintiff, after the letter, Plaintiff was provided potable water and the water filters were replaced almost immediately. Shortly thereafter, Plaintiff was transferred. Under the circumstances, Plaintiff has failed to allege facts that suggest that Washington disregarded a risk of harm to Plaintiff. Accordingly, Plaintiff has failed to state an Eighth Amendment claim against her.

IV. **State law claims**

Plaintiff also alleges that Defendants committed the state law torts of "responde[a]t superior, intentional infliction of emotional distress, negligence, and supervisory negligence." (Compl., ECF No. 1, PageID.3.) Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendants violated state law therefore fails to state a claim under § 1983.

Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court declines to exercise jurisdiction. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotation marks omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio,*

10

*Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction with regard to Defendants MDOC and Washington. Accordingly, Plaintiff's state-law claims against them will be dismissed without prejudice. The Court will exercise supplemental jurisdiction over Plaintiff's state-law claims against Defendant Davids.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants MDOC and Washington will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth Amendment and state law tort claims against Defendant John Davids remain in the case. Plaintiff's pending motions will be denied.

An order consistent with this opinion will be entered.

Dated:   February 2, 2022                                      /s/ Jane M. Beckering
                                                               Jane M. Beckering
                                                               United States District Judge