UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL COOK,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

Case No. 1:21-cv-817

HON. JANE M. BECKERING

**OPINION AND ORDER**

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, alleging that the Michigan Department of Corrections (MDOC), MDOC Director Heidi Washington, and MDOC Warden John Davids were deliberately indifferent in their response to the "water crisis" at Ionia Correctional Facility (ICF). Defendants MDOC and Washington were previously dismissed. The only federal claim remaining in this case is Plaintiff's Eighth Amendment claim against Warden Davids. Warden Davids filed a motion for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant the motion, dismiss the state-law claims without prejudice, and terminate this case. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation, to which Warden Davids filed a response. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Regarding the objective component of Plaintiff's Eighth Amendment claim, the Magistrate Judge concluded that Plaintiff had not established that he was deprived of drinkable water in violation of the Eighth Amendment (R&R, ECF No. 132 at PageID.899). Regarding the subjective component of Plaintiff's Eighth Amendment claim, the Magistrate Judge concluded that there was no evidence in the record from which a jury could reasonably find that Warden Davids was aware of a risk to Plaintiff's health from contaminated water and that Warden Davids disregarded that risk (*id.* at PageID.903).

Plaintiff delineates seven objections to the Report and Recommendation. First, Plaintiff points out that the Magistrate Judge decided the merits of Warden Davids' motion "without first addressing the issue of immunity" (Pl. Obj., ECF No. 133 at PageID.905; Pl. Brief, ECF No. 134 at PageID.916). However, as Warden Davids points out (Resp., ECF No. 136 at PageID.924–925), the Court need not reach the issue of a defendant's entitlement to qualified immunity if the plaintiff has not established a constitutional violation. *See, e.g., Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004). Plaintiff's first objection is properly denied.

Second, Plaintiff argues that dismissal would be "to[o] harsh" a result without first allowing him to amend his complaint (Pl. Obj., ECF No. 133 at PageID.905–906; Pl. Brief, ECF No. 134 at PageID.919). Plaintiff's argument is misplaced. Once a case has progressed to the summary judgment stage, the "liberal pleading standards" are inapplicable. *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) (citation omitted). The Magistrate Judge properly required Plaintiff to establish both elements of his Eighth Amendment claim, and Plaintiff's argument does not identify any factual or legal error by the Magistrate Judge. Plaintiff's second objection is properly denied.

Third, Plaintiff argues that the Magistrate Judge erred in finding his affidavits "improper" (Pl. Obj., ECF No. 133 at PageID.906; Pl. Brief, ECF No. 134 at PageID.914). Plaintiff's argument lacks merit. Federal Rule of Civil Procedure 56(c)(4) instructs that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). The Magistrate Judge properly applied this requirement to the two affidavits Plaintiff submitted. The Magistrate Judge determined that Plaintiff's first "Affidavit" (ECF No. 123-6) is a "hybrid affidavit/declaration, which is not sufficient to support a motion for summary judgment" (R&R, ECF No. 133 at PageID.899). The Magistrate Judge determined that Plaintiff's single-paragraph "Second Affidavit" (ECF No. 123-15), states only "legal conclusions" (*id.*). Plaintiff's third objection is also properly denied.

Plaintiff's remaining objections are overlapping challenges to the manner in which the Magistrate Judge viewed the parties' evidence. In his fourth objection, Plaintiff asserts that the Magistrate Judge did not "fairly and justly consider the information and materials [Plaintiff] cited" (Pl. Obj., ECF No. 133 at PageID.906; Pl. Brief, ECF No. 134 at PageID.915). In his fifth objection, Plaintiff argues that the Magistrate Judge erred in making "his own credibility determinations of the Plaintiff and weigh[ing] the evidence most favorable to the Defense" (Pl. Obj., ECF No. 133 at PageID.907; Pl. Brief, ECF No. 134 at PageID.916). In his sixth objection, Plaintiff similarly argues that the Magistrate Judge erred in failing to "accept[] [Plaintiff's] allegations as true or treating his papers more indulgently" (Pl. Obj., ECF No. 133 at PageID.907; Pl. Brief, ECF No. 134 at PageID.913). Last, Plaintiff likewise argues that the Magistrate Judge "fail[ed] to fairly and honestly determine the existence of the genuine issues of material facts" (Pl. Obj., ECF No. 133 at PageID.907–908; Pl. Brief, ECF No. 134 at PageID.918).

The Magistrate Judge thoroughly and accurately described the standard for reviewing a motion for summary judgment. *See* R&R, ECF No. 132 at PageID.893–894. As Warden Davids more fully points out in his response (ECF No. 136 at PageID.928–930), Plaintiff's last several objections do not identify any questions of material fact that require submission to the jury; rather, his objections merely indicate his disagreement with the conclusions the Magistrate Judge reached. Plaintiff's fourth, fifth, sixth, and seventh objections are properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court, including the recommendation to decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. Because this Opinion and Order resolves the last pending federal claim in this case, a Judgment will be also entered. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 133) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 132) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 117) is GRANTED.

**IT IS FURTHER ORDERED** that this Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims against Defendant Davids, which are DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated:  July 3, 2024                             /s/ Jane M. Beckering
                                                JANE M. BECKERING
                                                United States District Judge